IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AGUSTIN PASTRANA-SAIGADO,

      Petitioner,

v.                                          Case No. 2:25-cv-00950-MLG-LF

TODD M. LYONS, Acting Director,
United States Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General
of the United States;
MARY DE ANDA-YBARRA, Field
Office Director, Enforcement and Removal
Operations, United States Immigration and
Customs Enforcement; DORA CASTRO,
Warden, Otero County Processing Center;
all named in their official capacities,

      Respondents.

## **ORDER GRANTING PETITIONER'S TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Petitioner Agustin Pastrana-Saigado's Application for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction Against Respondents ("Application"). Doc. 17. Having considered the relevant filings and otherwise being fully informed, the Court grants Petitioner's Application.

The dispositive question presented is whether Petitioner is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or whether he is subject to the mandatory detention provisions provided in 8 U.S.C. § 1225(b)(2). Like the overwhelming majority of courts who have considered the matter, this Court agrees that Petitioner is entitled to a bond hearing and that 8 U.S.C. § 1226(a) governs his detention. *See Buenrostro-Mendez v. Bondi et al*, Case No. H-25-3726, 2025 U.S. Dist. LEXIS 201967, at ** 6-7 (S.D. Tex. Oct. 7, 2025) (collecting cases); *Echevarria v. Bondi, et al.*, Case No. CV-25-03252-PHX-DWL (ESW), 2025 U.S. Dist. LEXIS 196174, at **8-9 (D. Ariz.

Oct. 3, 2025) (collecting cases). Accordingly, based on the briefing and oral argument, the Court finds Petitioner has demonstrated a likelihood of success on the merits of his claims, that he will suffer irreparable harm in the absence of this injunctive relief, and the balance of equities and the public interest weigh in his favor. *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

The Court hereby orders:

1. Respondents immediately release Petitioner Pastrana-Saigado upon payment of the $3,500 bond found in the alternative by the Immigration Judge. *See Alfaro v. Wamsley*, Case No. 2:25-cv-01706, 2025 U.S. Dist. LEXIS 195831, at *8 (W.D. Wash. Oct. 2, 2025) (ordering respondents to—within seven days of the order—release the petitioner "from detention or allow [her] release upon payment of the bond amount found in the alternative by the Immigration Judge is his [previous] order"); *cf. Benitez v. Francis*, Case No. 25-cv-5937, 2025 U.S. Dist. LEXIS 157214, at *24-25, *33-34, *37-39, *41, *42-45 (S.D.N.Y. Aug. 8, 2025) (ordering the petitioner who was incorrectly detained under 8 U.S.C. § 1225(b) instead of § 1226(a) be immediately released from custody rather than ordering the petitioner to have a bond hearing in front of the immigration judge). This relief is appropriate given that the Immigration Judge has already determined that Petitioner is neither a danger to the community nor—given his strong ties to the community—a flight risk. Doc. 16-3.

2. The Court imposes no Application-related bond requirement at this time. *See* Fed. R. Civ. P. 65(c); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009).

It is so ordered.

                                            UNITED STATES DISTRICT JUDGE
                                            MATTHEW L. GARCIA